IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BAX, | ) | |
|       Petitioner, | ) | C.A. No. 07-348 Erie |
| | ) | |
| v. | ) | |
| | ) | **District Judge McLaughlin** |
| HELEN J. MARBERRY, Warden, | ) | **Magistrate Judge Baxter** |
|       Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for writ of habeas corpus be dismissed with prejudice.

**II.    REPORT**

Petitioner, John Bax, is a federal prisoner presently incarcerated at the Federal Correctional Institution at McKean ("FCI McKean") in Bradford, Pennsylvania, which is located within the Western District of Pennsylvania. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Document No. 3],[1] in which he raises challenges to the judgment

---

[1] "[M]atters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974)). Such claims are properly brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam); Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). In contrast, *challenges to the validity of a federal prisoner's conviction or sentence must be presented in a motion pursuant to 28 U.S.C. § 2255 in the district court that conducted his trial and imposed his sentence*. See Rules 3 & 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. See also Cradle, 290 F.3d at 538; Chambers v. Romine, 41 F.App'x. 525, 526 (3d Cir. 2002); Briggs v. Levi, No. 08-1399, 2008 WL 1801099 (3d Cir. Apr. 22, 2008) (per curiam); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal

1

of sentence imposed in February 1994 by the United States District Court for the Middle District of Pennsylvania in United States v. Bax, No. 1:93-cr-00117 (M.D. Pa.). Specifically, Petitioner argues that he was incorrectly classified as a "career offender," which resulted in a sentencing enhancement under the United States Sentencing Guidelines ("U.S.S.G."). He asserts: (1) that the sentencing court erred in applying post-offense convictions under the career offender provision of the U.S.S.G. §§ 4B1.1 and 4B1.2; (2) that the predicate offenses did not qualify as controlled substance offenses under the Guidelines; (3) that the predicate offenses could not be reclassified as "violent" offenses by the sentencing court; (4) that the charging complaint was insufficient proof to qualify him as a career offender; and (5) that his trial counsel was ineffective for failing to obviate the career offender determination. Petitioner invokes the "savings clause" of 28 U.S.C. § 2255,[2] arguing that he is entitled to bring these claims pursuant to 28 U.S.C.

---

court conviction.") (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)).

[2] Section 2255 provides, in pertinent part, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to section 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve." Importantly, "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another § 2255 motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam)." David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam). See, e.g., Young v. Yost, No. 09-2803, 2010 WL 325785 (3d Cir. Jan. 29, 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the [court of appeals] denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." David, 305 F.App'x at 856 (citing Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition pursuant to § 2241 is not an additional, alternative or supplemental remedy to 28 U.S.C.

§ 2241 because § 2255 is inadequate and ineffective to test the legality of his detention. As relief, he seeks an order from this Court directing that he be released from custody.

### A.     Relevant Factual and Procedural History

On October 12, 1993, following a two-day jury trial, the United States District Court for the Middle District of Pennsylvania convicted Petitioner of conspiracy to manufacture and distribute cocaine and "crack." On or around February 17, 1994, the court sentenced him to 286 months of imprisonment. (Document No. 75 in United States v. Bax, No. 1:93-cr-00117 (M.D. Pa.)).[3] The Third Circuit Court of Appeals affirmed his judgment of sentence on August 18, 1994. (8/18/94 Judgment Order in United States v. Bax, No. 94-7120 (3d Cir.)).

On February 11, 1997, Petitioner filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. In his § 2255 motion, he argued, *inter alia*, that his Fifth Amendment rights had been violated because he had been classified incorrectly as a career offender for sentencing purposes. On May 23, 1997, the sentencing court determined that Petitioner "was properly sentenced as a career offender," and denied his motion. (Memorandum and Order in Bax, No. 1:93-cr-00117 (M.D. Pa.)).[4] The Third Circuit Court of Appeals denied Petitioner's application for a certificate of appealability on September 24, 1997. (9/24/97 Order in United States v. Bax, No. 97-7335 (3d Cir.)).

---

§ 2255. Cradle, 290 F.3d at 538-39.

[3] This Court takes judicial notice of the dockets of the District Court for the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit cited herein, which are available for review via PACER.

[4] Respondent has attached the May 23, 1997, Memorandum and Order as Ex. 1 to its *Response* [Document No. 12].

Petitioner next filed a motion with his sentencing court pursuant to Fed.R.Crim.P. 35(a) and 18 U.S.C. § 3582(c) (1)(A)(i) to correct an "illegal sentence," which included his argument that he had been incorrectly sentenced as a career offender.  (See 2/20/01 Memorandum and Order, in Bax, No. 1:93-cr-00117 (M.D. Pa.)).[5]  The sentencing court dismissed Petitioner's motion on the basis that he was ineligible to seek relief under either Fed.R.Crim.P. 35(a) or 28 U.S.C. § 3582(c)(1)(A)(i).  (Id.)  Petitioner applied to the Third Circuit Court of Appeals for leave to file a second or successive § 2255 motion.  The court denied that application on April 20, 2001.  (4/20/01 Order in United States v. Bax, No. 01-1685 (3rd Cir.)).

Next, in July 2005, Petitioner filed a § 2241 petition with this Court, again challenging his conviction and his sentence as a career offender, on the grounds that his remedy under § 2255 was inadequate and ineffective because his § 2255 motion was not successful and because he had been denied leave to file a second or successive § 2255 motion.  Bax v. Warden, FCI McKean, No. 1:05-cv-00194 (W.D. Pa.).  That case was assigned to the Honorable Sean J. McLaughlin and referred to this Magistrate Judge.

On July 27, 2006, this Court issued a Report and Recommendation ("R&R"), explaining that the petition was a collateral attack upon the legality of the sentence imposed by the District Court for the Middle District of Pennsylvania that did not fall within § 2255's "savings clause," and that, therefore, this Court was without jurisdiction to consider the petition.  (Document No. 17 in Bax, No. 1:05-cv-00194 (W.D. Pa.), attached hereto as Ex. A).  Judge McLaughlin adopted the R&R as the Opinion of the Court in a Memorandum Order dated August 26, 2006, and

---

[5] Respondent has attached the February 20, 2001, Memorandum and Order as Ex. 2 to its *Response* [Document No. 12].

dismissed the petition. (Document No. 21 in Bax, No. 1:05-cv-00194 (W.D. Pa.), attached hereto as Ex. B). Petitioner appealed the dismissal to the Third Circuit Court of Appeals, arguing that § 2255's "savings clause" should apply to him because he was "actually innoc[ent] of the elements needed to subject him to the career offender enhancement[.]" Bax v. Warden, FCI McKean, 215 F.App'x 133, 134 (3d Cir. 2007). On January 31, 2007, the Third Circuit Court of Appeals affirmed this Court's determination that it lacked jurisdiction to consider the petition and that it did not fall within the ambit of § 2255's "savings clause." Id.

In the meantime, in December 2005, Petitioner had filed a motion with his sentencing court pursuant to Fed.R.Civ.P. 60(b)(6), challenging his classification as a career offender. The sentencing court denied the motion on January 3, 2006, without reaching the merits of Petitioner's claims, and noting that Petitioner had previously raised his career offender argument in his original § 2255 motion. (Document Nos. 173 & 177 in Bax, No. 1:93-cr-00117 (M.D. Pa.)). On July 21, 2006, the Third Circuit Court of Appeals issued an Order denying a certificate of appealability and denying Petitioner leave to file a second or successive petition. (7/21/06 Order in United States v. Bax, No. 06-1231 (3d Cir.)). On December 11, 2006, the United States Supreme Court denied a petition for writ of certiorari. Bax v. United States, 549 U.S. 1099 (2006).

In the instant petition for writ of habeas corpus, which Petitioner filed pursuant to § 2241, he once again argues that his confinement is unlawful because he was improperly classified as a career offender. He also once again maintains that his claims fall within the savings clause of § 2255, thereby enabling him to challenge his sentence under § 2241.

### B. Discussion

The instant petition should be dismissed for three reasons. First, as set forth in the R&R issued on July 27, 2006, in Bax, No. 1:05-cv-00194 (W.D. Pa.), this Court lacks subject matter jurisdiction over Petitioner's challenges to his conviction and/or sentence. That R&R is attached as Ex. A and it is incorporated herein in its entirety.[6] See also notes 1 & 2, *supra*. Second, the petition must be dismissed under the abuse of the writ doctrine, described by the Supreme Court in McCleskey v. Zant, 499 U.S. 467, 491-92 (1991). See also Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Zayas v. Immigration & Naturalization Serv., 311 F.3d 247 (3d Cir. 2002). Third, and finally, the petition is also subject to dismissal under 28 U.S.C. § 2244(a), which provides that a petition for writ of habeas corpus filed under § 2241 should be dismissed as successive if it raises issues that "either had been, or could have been, decided in" a previous habeas action.[7] Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam).

### C. Certificate of Appealability

Section 102 of AEDPA (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding

---

[6] As set forth above, Judge McLaughlin adopted that R&R as the Opinion of the Court in a Memorandum Order dated August 22, 2006 (Ex. B), and his decision in turn was affirmed by the Third Circuit Court of Appeals in Bax v. Warden FCI McKean, 215 F.App'x 133 (3d Cir. 2007).

[7] 28 U.S.C. § 2244(a) provides: "No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255."

are not governed by the certificate of appealability requirement.  United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  March 17, 2010

cc:   The Honorable Sean J. McLaughlin
      United States District Judge